UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| REPRESENT AGENCY INC., <br><br> Plaintiff, <br><br> v. <br><br> DIANE PARAGAS AND CIVILIAN STUDIOS, LLC, <br><br> Defendants. | ) <br> ) <br> ) <br> ) Civil Action No.: <br> ) <br> ) <br> ) <br> ) COMPLAINT AND <br> ) DEMAND FOR JURY TRIAL <br> ) <br> ) <br> ) |

Plaintiff Represent Agency Inc. ("Plaintiff"), as and for their complaint against

Defendants Diane Paragas and Civilian Studios, LLC ("Defendants"), hereby allege:

**The Parties**

1.     Plaintiff Represent Agency Inc., of which Ina Howard-Parker is the

founder and owner, is a corporation with a principal place of business at 16 Willoughby Ave. #1,

Brooklyn, NY 11205.

2.     Plaintiff is a media promotion and production company.

3.     Upon information and belief, Defendant Civilian Studios, LLC, of which

Defendant Diane Paragas is the founder and director, is a company with a principal place of

business at 145 Avenue of the Americas, 7th Floor, New York, NY 10012.

4.     Upon information and belief, Defendant Civilian Studios, LLC is a

production company that creates commercials, documentaries, TV programs and branded

content.

5.      Upon information and belief, Defendant Diane Paragas resides at 55 Poplar Street, Suite 4J, Brooklyn, NY 11201.

## Jurisdiction and Venue

6.      This is an action for copyright infringement pursuant to the Copyright Act (Title 17, United States Codes) and for breach of contract pursuant to the laws of the State of New York.

7.      Jurisdiction is conferred upon this Court by 17 U.S.C. § 101 *et seq.*, 28 U.S.C §§ 1331 and 1338(a).  Supplemental jurisdiction is also conferred upon this Court by 28 U.S.C. §1367(a).

8.      Personal jurisdiction exists over Defendant Civilian Studios, LLC because it was located in this District at the time the relevant events occurred and thus has sufficient minimum contact with this District.

9.      Personal jurisdiction exists over Defendant Diane Paragas because she resides in this District.

10.      Venue is proper in this judicial district pursuant to 28 U.S.C §§ 1391(b)-(d) and 1400(a).

## Background

11.      Plaintiff conceived a television show entitled "Open Book" and produced a pilot episode entitled "Fort Greene, Brooklyn" ("Pilot" hereinafter), featuring writers and other artists in Ft. Greene, Brooklyn.

12.      Plaintiff hired Defendant Civilian Studios, LLC in November of 2008 to provide services for the production of the Pilot, including directing shoots, providing crews, editing, graphics and mastering, in accordance with a Television Series Pilot Producer

Agreement ("Producer Agreement" hereinafter).  Attached hereto as Exhibit 1 is a copy of the Producer Agreement.

13.     The Producer Agreement contains an Ownership provision specifying that the results and proceeds of the services of Defendant Civilian Studios, LLC shall be deemed a work-made-for-hire and that Plaintiff shall exclusively own all rights pertaining to such results and proceeds without limitations.

14.     The Pilot was completed in April of 2009.  Plaintiff granted a license to Link Media, Inc. in April of 2009 to air the Pilot on Link TV between May of 2009 and May of 2010.

15.     Plaintiff registered the Pilot in the U.S. Copyright Office in March of 2010, and is the owner of the U.S. copyright.  Attached hereto as Exhibit 2 is a copy of the certificate of registration.

16.     Defendants posted a video trailer for a documentary entitled "A Walk Through Fort Greene" through March of 2010 (Plaintiff discovered it in February of 2010) which contained large portions of the Pilot on www.vimeo.com and www.dianeparagas.com, and, upon information and belief, was embedded in many other webpages, without the permission, license or consent of Plaintiff.

17.     Plaintiff sent a notice of copyright to www.vimeo.com in March of 2010, demanding removal of the offending contents.

18.     Plaintiff was notified by www.vimeo.com in March of 2010 that access to the video trailer on that site had been disabled and, upon information and belief, Defendants had been informed of such disabled access.

19.     Plaintiff sent a cease-and-desist letter to Defendants in March of 2010, demanding removal of the offending contents.

20.     Upon information and belief, Defendants removed the offending contents from the posted video trailer and sent a letter dated April 5, 2010 to Plaintiff's lawyer, indicating that the offending contents would no longer be used by Defendants.

21.     Upon information and belief, Defendants posted segments of the Pilot on www.civilianstudios.com through June of 2011 (Plaintiff discovered it in November of 2010), crediting this material as an "original production" of Defendant Civilian Studios, LLC, without the permission, license or consent of Plaintiff.

22.     Plaintiff sent a cease-and-desist letter to Defendants in May of 2011, demanding removal of the offending contents.

23.     Upon information and belief, Defendants restructured www.civilianstudios.com but kept those posted segments of the Pilot accessible to the public.

24.     Upon information and belief, Defendants still possess copies of the Pilot and of raw footages shot during the employment of Defendant Civilian Studios, LLC in accordance with the Producer Agreement.

## Count 1

## Copyright Infringement

25.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 24 as if fully set forth herein.

26.     Defendants have infringed Plaintiff's copyright in the Pilot by repeatedly publishing and distributing to the public at least between March 2010 and June 2011, without the

permission, license or consent of Plaintiff, segments of the Pilot, in violation of the Federal Copyright Act, Title 17 of the U.S. Code.

27.     Defendants continue to infringe Plaintiff's copyright in the Pilot by publishing and distributing segments of the Pilot to the public, without the permission, license or consent of Plaintiff.

28.     Defendants' infringement is and has been willful and in reckless disregard of Plaintiff's rights.

29.     As a result of Defendants' infringement, Plaintiff has been irreparably harmed.

30.     As a result of Defendants' infringement, Plaintiff has been damaged, in an amount yet to be ascertained.

31.     As a result of Defendants' infringement, Plaintiff is entitled to a permanent injunction restraining and enjoining Defendants.

32.     As a result of Defendants' infringement, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), including the increased damages for willful infringement.  Alternatively, of Plaintiff's election, Plaintiff shall be entitled to their actual damages plus Defendants' profits from infringement, as will be proven at trial.

## Count 2

## Breach of Contract

33.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 24 as if fully set forth herein.

34.     Defendant Civilian Studios, LLC has breached the Producer Agreement by publishing and distributing to the public at least between March 2010 and June 2011, without the permission, license or consent of Plaintiff, segments of the Pilot.

35.     As a result of the breach of Defendant Civilian Studios, LLC, Plaintiff has been irreparably harmed.

36.     As a result of the breach of Defendant Civilian Studios, LLC, Plaintiff has been damaged, in an amount yet to be ascertained.

37.     As a result of Defendant Civilian Studio's breach, Plaintiff is entitled to a permanent injunction restraining and enjoining Defendant.

38.     As a result of Defendant Civilian Studio's breach, Plaintiff is entitled to recover damages.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff demands judgment:

a)   That Defendants be held to have infringed Plaintiff's copyright.

b)   That Defendants be held to have willfully infringed Plaintiff's copyright.

c)   That Defendant Civilian Studio be held to have breached the Producer Agreement made with Plaintiff.

d)   That Defendants, their agents, servants, employees and those persons in active concert or participation with Defendants, be restrained and enjoined from infringing Plaintiff's copyright in any manner in the sale, promotion, printing, distribution, marketing or advertising of the Pilot, and from promoting, distributing, marketing, advertising, offering for sale and/ or

selling any merchandise bearing or using any of Plaintiff's copyrighted works.

e)  That Defendants be ordered to return and/or destroy the offending copies of Plaintiff's copyrighted works in possession of Defendants, to destroy all unauthorized advertising, marketing and promotional materials which bear the distinctive characteristics of any of Plaintiff's copyrighted works, and to make a diligent effort to recall all of Defendants' infringing materials in the United States, and to file with this Court and serve on Plaintiff a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with an injunction issued by the Court.

f)  That Defendants be ordered to pay Plaintiff the maximum statutory damages, or, in the alternative, Plaintiff's monetary damages and any additional profits of Defendants attributable to Defendants' infringement, for Defendants infringement of Plaintiff's copyright.

g)  That Defendant Civilian Studios, LLC be ordered to pay Plaintiff the profits Defendant has obtained from their breach of the Producer Agreement.

h)  That Defendants be ordered to pay Plaintiff's attorneys fees and costs of the action.

i)  That Defendants be ordered to pay pre-judgment interest.

j)  That Plaintiff be awarded such other and further relief as this Court may deem just and proper.

## Jury Demand

Plaintiff demands trial by jury.


Dated:  December 14, 2012                    By: _____

                                             Christopher P. Borello (CB6164)
                                             Agatha H. Liu (AL8683)

                                             FITZPATRICK, CELLA, HARPER & SCINTO
                                             1290 Avenue of the Americas
                                             New York, New York 10104-3800
                                             Telephone:  (212) 218-2100
                                             Facsimile:  (212) 218-2200

                                             Attorneys for Plaintiff

- 8 -